John Boehm, Plaintiff *in Propria Persona*
112 North Danyell Court
Chandler, Arizona 85225

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

JOHN BOEHM,

    PLAINTIFF

v.

OCWEN LOAN SERVICING, LLC AND JPMORGAN CHASE BANK, N.A. AND KEVIN R. MCCARTHY DBA "QUALITY LOAN SERVICE CORPORATION"

    DEFENDANTS

CV-15-00358-PHX-SRB

CASE NO. _____

COMPLAINT

### COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff John Boehm and sues the defendant OCWEN LOAN SERVICING, LLC for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiffs reside in Maricopa County, Arizona

The defendant appears to be a limited liability company doing business in the State of Arizona.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The defendant is involved in a debt collection or foreclosure action against the plaintiff in the state of Arizona.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs claiming to be the trustee for the trust deed attached to the title to their home at the address of 112 North Danyell Court, Chandler, Arizona. In fact there have been several such communications over the previous year, each of which appear to have been calculated to coerce the

plaintiff into providing financial disclosures and money in exchange for the promise of not foreclosing.

The defendant is not named as trustee or lender in the trust deed and the trustee never transferred any such rights as trustee to the defendant, as the defendant claims.

The defendant is a real estate investment company and has a business interest in taking the plaintiff's property, but no legal rights to do so.

The plaintiff is not in default to the defendant under the terms of the trust deed, or any other instrument. Upon receiving these communications, the plaintiffs responded by disputing the claim and demanding that the defendant explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that it was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a trust deed involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This trust deed did not name or confer any power upon the defendants.

At some time after this trust deed was recorded, the defendants began attempting to foreclosure under the terms of the trust deed, as if they were the holder or in control of then note and trust deed, yet they are not.

The Defendants have begun attempting to collect this debt from the Plaintiff.

The Defendants also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict them, and then sue them for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiffs the location of his and her place of employment and threatened to garnish their wages.

The Defendants failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendants have undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs John Boehm and sues the defendant KEVIN R. MCCARTHY DBA "QUALITY LOAN SERVICE CORPORATION" for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Maricopa County, Arizona, for all times material to this complaint and the subject property that has given rise to this complaint is known as 112 North Danyell Court, Chandler, Arizona.

The defendant is an individual currently doing business in the County of Maricopa.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions. The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the trust deed referenced by this defendant.

Plaintiffs also asked the defendant to explain how she obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict him, and then sue him for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiff for the location of his place of employment and threatened to garnish their wages.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendant has undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiff has suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:  A.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);  B.  An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);  C.  An award of actual damages;  D.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT III – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.

This is an action for damages brought by individual consumers, John Boehm the Plaintiff, who now sues Defendant OCWEN LOAN SERVICING, LLC, for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

The defendant is a limited liability company and has an investment interest in taking the title to plaintiff's property, but has no legal rights to do so.

The plaintiffs reside in Maricopa County, Arizona, for all times material to this complaint and the subject property that has given rise to this complaint is known as 112 North Danyell Court, Chandler, Arizona.

Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

The plaintiffs reside in Maricopa County, Arizona for all times material to this complaint.

The defendant is currently doing business in the State of Arizona.

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

Each of the plaintiffs is a natural person residing in Maricopa County, Arizona at the address of 6360 MacBeth Court North Maricopa, Arizona.

Plaintiff re-alleges the statements made previously regarding the note and trust deed.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiff claiming to be the trustee for the trust deed attached to the title to their home. In fact there have been several such communications over the previous year, each of which appear to have

Defendant failed to identify the owner of the note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as of this date has failed to respond as required by the Real Estate and Settlement Procedures Act, thus violating 12 U.S.C. §2605(e)(1).

Plaintiffs demands a jury trial.

WHEREFORE, the Plaintiffs having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:  That the Plaintiffs be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other and further relief as the Court may deem just and proper.

## COUNT IV – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.

This is an action for damages brought by individual consumers, John Boehm, the Plaintiff, who now sues Defendant KEVIN R. MCCARTHY DBA "QUALITY LOAN SERVICE CORPORATION", for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

The plaintiff is a natural person residing in Maricopa County, Arizona at the address of 112 North Danyell Court, Chandler, Arizona.

The defendant is an organization doing business in the County of Maricopa.

Plaintiff re-alleges the statements made previously regarding the note and trust deed.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Her letters indicated that she was acting in behalf of individuals who wanted the plaintiffs' disclosure of financial information and money in exchange for not foreclosing upon their home.

Plaintiffs asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, were aware of its actions. The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the trust deed referenced by the defendant. The defendant failed or refused to answer.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Real Estate and Settlement Procedures Act and may be subject to penalties and actual damages for continuing to undertake these actions.

To the best of Plaintiffs' knowledge, information and belief, this mortgage lien is serviced by one or more of the named defendants but that is uncertain as this information is not available to the plaintiff and partially forms the basis of this complaint.

Plaintiffs believe and therefore alleges that the true holder and owners of the note relating to this mortgage lien is or are unknown and defendants have refused to

collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Maricopa County, Arizona, for all times material to this complaint and the subject property that has given rise to this complaint is known as 112 North Danyell Court, Chandler, Arizona.

The defendant is a national association currently doing business in the County of Maricopa, Arizona.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property. Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions. The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the trust deed referenced by this defendant.

Plaintiffs also asked the defendant to explain how she obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict him, and then sue him for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendants asked the Plaintiff for the location of his place of employment and threatened to garnish their wages.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Defendant has undertaken actions to intimidate the plaintiffs by having individuals trespass on their property and take photographs without permission, look through their windows and knock on the door to ask if they can take more photographs of the backyard and inside of the home for purposes of foreclosure.

The Plaintiff has suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:  A.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);  B.  An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);  C.  An award of actual damages;  D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT VI – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.

This is an action for damages brought by individual consumers, John Boehm the Plaintiff, who now sues Defendant JPMORGAN CHASE BANK, N.A., for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

The defendant is a national association and is engaged in business within Maricopa County, Arizona.

The plaintiffs reside in Maricopa County, Arizona, for all times material to this complaint and the subject property that has given rise to this complaint is known as 112 North Danyell Court, Chandler, Arizona.

Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

The plaintiffs reside in Maricopa County, Arizona for all times material to this complaint.

The defendant is currently doing business in the State of Arizona.

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

Each of the plaintiffs is a natural person residing in Maricopa County, Arizona at the address of 6360 MacBeth Court North Maricopa, Arizona.

Plaintiff re-alleges the statements made previously regarding the note and trust deed.

**Plain Statement of Cause of Action.**

The defendant sent written communication to the plaintiff claiming to be the trustee for the trust deed attached to the title to their home. In fact there have been several such communications over the previous year, each of which appear to have been calculated to coerce the plaintiffs into providing financial disclosures and money in exchange for the promise of not foreclosing.

The defendant is not named as trustee in the trust deed and the trustee never transferred any such rights as trustee to the defendant, as the defendant claims.

The plaintiffs are not in default to the defendant under the terms of the trust deed, or any other instrument. Upon receiving these communications, the plaintiffs responded by disputing the claim and demanding that the defendant explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that it

was in violation of the Real Estate and Settlement Procedures Act, assuming it to be a creditor, and may be subject to penalties and actual damages for continuing to undertake these actions.

To the best of Plaintiff's knowledge, information and belief, this mortgage lien is serviced by one or more of the named defendants but that is uncertain as this information is not available to the plaintiff and partially forms the basis of this complaint.

Plaintiff believes and therefore alleges that the true holder and owners of the note relating to this mortgage lien is or are unknown and defendants have refused to disclose this information. It is possible that the note no longer exists and was deliberately destroyed by one of the foreclosing parties.

The mortgage lien is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

The plaintiff re-alleges each of the foregoing allegations and incorporates each by reference into the following.

Plaintiff's "qualified written request" to the defendants is defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)] and has the dual effect of invoking Plaintiff's rights under RESPA §6(e)(1).

Defendant failed to acknowledge receipt of the Qualified Written Request within 20 days as required by U.S.C. Section 2605(e)(1)(A) as effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

Defendant failed to identify the owner of the note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as of this date has failed to respond as required by the Real Estate and Settlement Procedures Act, thus violating 12 U.S.C. §2605(e)(1).

Plaintiffs demands a jury trial.

WHEREFORE, the Plaintiffs having set forth his claims for relief against the Defendant respectfully prays of the Court as follows: That the Plaintiffs be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and That the Plaintiff be granted actual

damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this 22 day of February, 2015.

_____
John Boehm, Plaintiff